IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TIFFANY DONALDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 3:10-CV-522 |
| ) | JURY DEMAND |
| JEFFERSON OPERATOR, LLC D/B/A ) | Phillips/Guyton |
| JEFFERSON CITY HEALTH AND ) | |
| REHABILITATION, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES Plaintiff, TIFFANY DONALDSON, and sues Defendant, JEFFERSON OPERATOR, LLC D/B/A JEFFERSON CITY HEALTH AND REHABILITATION CENTER, (collectively "Defendant"), and in support hereof states the following:

### I. PRELIMINARY STATEMENT

1. This action arises from Defendant's conduct towards Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq.* ("THRA"); and Tennessee common law for negligent supervision and negligent retention.

### II. JURISDICTION

2. The matter in controversy involves questions of federal law, giving this Court original jurisdiction of this action pursuant to the provisions of 28 U.S.C. § 1331.

3. The matter in controversy also involves ancillary claims that form part of the same case or controversy as that claim which is within the original jurisdiction of the Court. This Court has supplemental jurisdiction of ancillary claims pursuant to the provisions of 28 U.S.C. § 1367.

4.  Plaintiff was employed by Defendant in Jefferson County, Tennessee. Venue is therefore proper in this Court.

### III.  PARTIES

5.  Plaintiff is a citizen and resident of Jefferson County, State of Tennessee.

6.  Defendant Jefferson Operator, LLC d/b/a Jefferson City Health and Rehabilitation Center is a Tennessee Limited Liability Company doing business in this state which may be served through its registered agent for service of process: National Corporate Research, Ltd. Inc., 992 Davidson Drive, Suite B, Nashville, TN 37205, as listed with the Tennessee Secretary of State.

7.  Plaintiff reserves the right to amend this Complaint with leave of court to name and/or substitute as Defendant any other individuals or legal entities which may later be discovered to be responsible for the wrongful conduct alleged herein.

### IV.  FACTS

8.  Defendant is an "employer" within the meaning of Title VII and the THRA at all times relevant to this Complaint.

9.  Plaintiff was an "employee" within the meaning of Title VII and the THRA at all times relevant to this Complaint.

10.  Plaintiff is African American, making her a member of a protected class pursuant to Title VII and the THRA.

11.  Plaintiff was employed by Defendant from on or about October 10, 2008 to December 7, 2009.

12.  Plaintiff began her employment as a Clinical Nursing Assistant ("CNA") during the night shift. Due to her satisfactory work, she received a promotion on or about October 2009, and began working in a different department directly under supervisor, Karen Hamrick, the Director of

Nursing, as a CNA Scheduler. At all times, Ms. Hamrick acted in the course and scope of her employment with Defendant in regard to her conduct towards Plaintiff.

13. Before obtaining this new position, Plaintiff worked the night shift and Ms. Hamrick worked the day shift. As a result, these two individuals had very little, if any, interaction prior to Plaintiff's promotion.

14. After assuming Plaintiff's new position, Ms. Hamrick began treating Plaintiff in a hostile manner and subjecting her to adverse employment actions.

15. Not long after Plaintiff moved into her office to begin her new position, Ms. Hamrick removed Plaintiff from her office, and required her to work on the floor in unit three (3) where nurses give baths to and perform other services for patients. This location was in the open where nurses directly handle and treat patients, although Plaintiff's duties were purely administrative and clerical.

16. Plaintiff's duties included the regular use of a telephone, but Plaintiff had no telephone in this new location. This required Plaintiff to walk to other unit halls each time she needed to use the telephone.

17. Her duties also included handling confidential documentation. This documentation was stored in a filing cabinet which was previously located in her office, and if she ever had to leave her office, she was required to lock her office to prevent access to the documentation. However, after she was removed from her office by Ms. Hamrick and relocated to the floor in unit three (3), the filing cabinet was stored in Ms. Hamrick's office, and Plaintiff had to transport the filing cabinet from Ms. Hamrick's office to the floor in unit three (3) at the beginning and end of each shift. This filing cabinet had approximately four doors, was extremely heavy, and was impossible for Plaintiff to load and transport alone.

3

18. Further, Plaintiff's new work area was out in the open meaning that anyone potentially had access to the confidential documentation contained in the file cabinet if the Plaintiff had to leave her work area for any reason.

19. Based upon information and belief, the CNA Scheduler who Plaintiff replaced worked in her own office for the duration of her employment, the CNA Scheduler who replaced Plaintiff worked in her own office, and the current CNA Scheduler works in her own office. Based upon information and belief, Plaintiff is the only person to hold this position and be required to perform the job while not being provided an office and having to work in the open on a unit floor.

20. Plaintiff further avers that shortly after she began working in her new position directly under Ms. Hamrick's supervision, Ms. Hamrick had made discriminatory and racially motivated comments about Plaintiff to other employees of Defendant.

21. Upon information and belief, Ms. Hamrick stated to another employee, "I'm going to get rid of that black girl" referring to Plaintiff.

22. Plaintiff avers that she was the only African-American directly supervised by Ms. Hamrick and the only African-American who worked the day shift with Ms. Hamrick.

23. Additionally, another job duty of Plaintiff's was processing hire packets (employment applications for individuals who have not previously worked for Defendant) and rehire packets (employment applications for individuals who have worked for Defendant previously).

24. Plaintiff was instructed by Cindy Fee of Human Resources to process both types of packets by taking them from the inbox to each of the three (3) unit managers, and to ask each manager if he or she was interested in hiring a new employee. If one of the three unit managers informed her that he or she was interested in hiring a new employee, Plaintiff was then required to take the packet to Ms. Fee who would then perform a background check.

4

25. Plaintiff processed approximately thirty (30) packets during her employment as the CNA Scheduler and was never reprimanded for the manner in which she processed the packets.

26. On December 7, 2009, Plaintiff was fired by Ms. Hamrick allegedly for the manner in which she processed the rehire packet of her mother, Robbie Olden. The reasons stated for her termination were that she lied to human resources, she caused Defendant to incur the cost of a background check, and she had no authority over the hiring process.

27. Plaintiff processed her mother's rehire packet in the same manner in which she processed all prior packets.

28. Plaintiff further avers that she performed the duties of her new position in a satisfactory manner and had never been reprimanded for poor performance.

29. The person hired to replace Plaintiff is not a member of a protected class pursuant to Title VII.

30. Upon information and belief, Ms. Hamrick bragged to another employee, "I finally got rid of that 'Nigger'" following Plaintiff's termination of employment.

31. Ms. Hamrick discriminated against Plaintiff by creating a hostile working environment as well as wrongfully terminating Plaintiff's employment due to Plaintiff's race. The reasons given to Plaintiff for her termination were pretextual and untrue.

32. Upon information and belief, Ms. Hamrick has a history of racial discrimination of which Defendant employer was aware prior to Plaintiff's termination of employment. Therefore, it is Plaintiff's position that Defendant has a pattern and practice of racial discrimination which has been ratified by the company.

## V. CAUSES OF ACTION

### A. Title VII: Racial Discrimination

33. Paragraphs 1 through 32 are hereby re-alleged and incorporated in full by reference as if fully set forth herein.

34. Plaintiff duly filed a Charge of Discrimination with the EEOC and THRC. A Notice of Right to Sue was issued on November 4, 2010. All jurisdictional prerequisites for bringing suit under Title VII and THRA have been met.

35. Plaintiff did not violate any employment policies, but instead, followed all company procedures according to her training. Plaintiff did not process Ms. Olden's packet any differently than previous employment packets.

36. Upon information and belief, Ms. Hamrick terminated Plaintiff's employment due to Plaintiff's race and subjected her to unlawful racial discrimination under Title VII of the Civil Rights Act. The reasons for Plaintiff's termination of employment as stated by Defendant are merely pretextual and untrue.

37. Upon information and belief, Ms. Hamrick has a history of racial discrimination of which Defendant employer was aware prior to Plaintiff's termination of employment. Therefore, it is Plaintiff's position that Defendant has a pattern and practice of racial discrimination in violation of Title VII of the Civil Rights Act. As a result of Defendant's violation of Title VII, Plaintiff has suffered damages as alleged more fully herein.

### B. THRA: Racial Discrimination

38. Paragraphs 1 through 37 are hereby re-alleged and incorporated in full by reference as if fully set forth herein.

39. Based on the foregoing facts, Defendant has also violated the Tennessee Human Rights Act by allowing Ms. Hamrick to discriminate against Plaintiff based on her race.

40. Upon information and belief, Ms. Hamrick has a history of racial discrimination of which Defendant employer was aware prior to Plaintiff's termination of employment. Therefore, it is Plaintiff's position that Defendant has a pattern and practice of racial discrimination in violation of the THRA.

41. As a result of Defendant's violation of the THRA, Plaintiff has suffered damages as alleged more fully herein.

### C. <u>Negligent Supervision</u>

42. Paragraphs 1 through 41 are hereby re-alleged and incorporated in full by reference as if fully set forth herein.

43. Plaintiff is entitled to a workplace free of racial discrimination.

44. Upon information and belief, Defendant was either aware or should have been aware of Ms. Hamrick's conduct in that, *inter alia*, Defendant has been the subject of a similar lawsuit based on racial discrimination due to Ms. Hamrick's conduct. Further, many employees who worked alongside Ms. Hamrick are aware that Ms. Hamrick frequently used racially derogatory language regarding African Americans.

45. Upon information and belief, Defendant failed to take any action to prevent similar conduct by Ms. Hamrick from occurring after becoming aware of Ms. Hamrick's actions.

46. Defendant has breached its duty to Plaintiff by failing to properly supervise Ms. Hamrick in order to ensure a workplace free of racial discrimination.

47. As a result of Defendant's negligence, Plaintiff has suffered damages as alleged more fully herein.

### D. <u>Negligent Retention</u>

48. Paragraphs 1 through 47 are hereby re-alleged and incorporated in full by reference as if fully set forth herein.

49. Plaintiff is entitled to a workplace free of racial discrimination.

50. Upon information and belief, Defendant was either aware or should have been aware of Ms. Hamrick's previous conduct toward African Americans but failed to take any immediate and final corrective action to terminate Ms. Hamrick's employment. Instead, Defendant continued to employ Ms. Hamrick thereby ratifying her conduct and racial discrimination.

51. Defendant has breached its duty to Plaintiff by retaining Ms. Hamrick as an employee in order to provide a workplace free of racial discrimination.

52. As a result of Defendant's negligence, Plaintiff has suffered damages as alleged more fully herein.

## VI. DAMAGES

53. Paragraphs 1 through 52 are hereby re-alleged and incorporated in full by reference as if fully set forth herein.

54. As a direct and proximate result of each and every of the foregoing acts, conduct, and violations of statutory law by Defendant as alleged herein, Plaintiff has suffered damages in an amount according to proof, including but not limited to, lost wages, lost benefits, lost interest on wages and benefits, inconvenience, embarrassment, humiliation, loss of lifetime earning capacity, and other incidental and consequential damages and expenses.

55. Upon information and belief, the wrongful acts and discrimination of Defendant as alleged herein in violation of Title VII and Tennessee common law were intentional and/or were done knowingly and/or with reckless disregard for Title VII's proscriptions against such conduct. Plaintiff is therefore entitled to and seeks an award of punitive damages in an amount according to proof.

56. Plaintiff is further entitled to and seeks reasonable attorneys' fees and costs pursuant to Title VII and the THRA.

57. Plaintiff further seeks an award of additional funds to compensate her for the adverse tax consequences which she may suffer due to Defendant's illegal acts preventing her from receiving income and paying taxes on same in a timely fashion over a multiple year period.

58. Plaintiff requests a jury to decide all issues which would be properly tried before a jury.

## VII. PRAYER FOR RELIEF

59. Paragraphs 1 through 58 are hereby re-alleged and incorporated in full by reference.

60. As a result of the conduct of the actions of Defendant herein alleged, Plaintiff prays:

    A. That this Court assume jurisdiction of this action and that process issue;

    B. That Plaintiff receive an award of front pay;

    C. That Plaintiff by awarded such amount as may be determined by a jury, for her damages as alleged herein, including but not limited to lost wages, lost benefits, lost interest on wages and benefits, inconvenience, embarrassment, humiliation, loss of lifetime earning capacity, additional funds to compensate her for adverse tax consequences, and other incidental and consequential damages and expenses;

    D. That Plaintiff be awarded punitive damages for her claim under Title VII and Tennessee common law;

    E. That Plaintiff be awarded reasonable attorneys' fees and costs as stated herein; and

F. For such other and further relief which this Court deems just and proper.

61. **PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY.**

Respectfully submitted this 6th day of December, 2010.

Link A. Gibbons, Esq. (BPR #022799)
link@linkgibbonslaw.com
LAW OFFICE OF LINK A. GIBBONS
921 W. First N. Street
P.O. Box 2248
Morristown, TN 37816
(423) 839-0990 Phone

Attorney for Plaintiff